TODD A. RIGBY SB #013383
Todd.Rigby@lewisbrisbois.com
SHAWN M. PETRI SB #022642
Shawn.Petri@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Firm email: azdocketing@lewisbrisbois.com
*Attorneys for Defendant Mrs. Gooch's Natural Food
Markets, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon T. Reish, an individual, | No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| Mrs. Gooch's Natural Food Markets Inc, d/b/a Whole Foods Market, a corporation; et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendant Mrs. Gooch's Natural Food Markets, Inc., ("Mrs. Gooch's") removes this action from the Superior Court of Arizona, Maricopa County, Case No. CV2020-009432, to the United States District Court for the District of Arizona – Phoenix Division.  In support of removal, Mrs. Gooch's states as follows:

## I.      STATUS OF STATE COURT ACTION

1.      On August 7, 2020, Plaintiff filed his Complaint against Mrs. Gooch's in the Superior Court of Arizona, Maricopa County.

2.      Mrs. Gooch's was served on August 17, 2020.  Mrs. Gooch's has not filed a responsive pleading in the state court action.  A copy of the state court docket and all state court filings are included in Exhibit A, attached hereto, pursuant to LRCv 3.6(b).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3.      Mrs. Gooch's filed a Notice of Filing Notice of Removal in the state court action.  A true and correct copy of the Notice is attached hereto as Exhibit B.

4.      As stated in more detail below, this case is properly removed pursuant to 28 U.S.C. § 1441 because Mrs. Gooch's satisfied the procedural requirements for removal and because this Court possesses diversity jurisdiction over this action, which involves citizens of different States and an amount in controversy exceeding $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

## II.     MRS. GOOCH'S SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

5.      Plaintiff filed his Complaint on August 7, 2020, and served Mrs. Gooch's on August 17, 2020.  This Notice of Removal is timely under 28 U.S.C. § 1446(b).

6.      Venue in this Court is proper under 28 U.S.C. § 1441(a) because the Superior Court of Arizona, Maricopa County, is located within the Phoenix Division of the District of Arizona.  Thus, this Court "embrac[es] the place where such action is pending."  28 U.S.C. § 1441(a).

7.      No prior notice of removal has been filed.

8.      In accord with 28 U.S.C. § 1446(d) and Local Rule of Civil Procedure 3.6(a), Mrs. Gooch's served the other parties with a copy of the Notice of Removal and filed a copy of the Notice of Removal in the Superior Court of Arizona, Maricopa County.

## III.    DIVERSITY JURISDICTION

9.      Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over a civil action between citizens of different states in which the matter in controversy exceeds $75,000, exclusive of interest and costs.

10.     Mrs. Gooch's Natural Food Markets, Inc., is a California corporation with its primary place of business in Glendale, California.  Mrs. Gooch's is a citizen of California for diversity purposes under 28 U.S.C. § 1332(c)(1).

11.     Plaintiff Brandon Reish is a citizen of Arizona (Compl., ¶ 1).  Therefore, Plaintiff is a citizen of Arizona for diversity purposes under 28 U.S.C. § 1332(c)(1).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-9471-7641.1

2

12.     Typically, the amount in controversy is determined by the allegations in the Complaint.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 400 (9th Cir. 1996). However, because the Complaint in this action does not specify the amount of damages Plaintiff seeks, Mrs. Gooch's must show by a preponderance of the evidence that the amount in controversy exceeds $75,000 - exclusive of interest and costs.  *Id.*; *Necessary v. State Farm Auto. Ins. Co*., 359 Fed. Appx. 807, 810 (9th Cir. 2009).

13.     "Under this burden, the Defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [75,000]."  *Welsh v. New Hampshire Ins. Co.*, 843 F. Supp. 2d 1006, 1009 (D. Ariz. 2012).  "The party seeking removal does not need to establish what damages the Plaintiffs will recover, but only how much is in controversy between the parties." *Blomberg v. Serv. Corp. Intern.*, 639 F.3d 761, 763 (7th Cir. 2011); *Kovacs v. Chesley*, 406 F.3d 393, 396 (6th Cir. 2005) ("The test for whether the jurisdictional amount has been met considers whether the Plaintiff can succeed on the merits in only a very superficial way."); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of . . . liability").

14.     "[T]he inquiry into the amount in controversy is not confined to the face of the Complaint." *Welsh*, *supra*.

15.     Upon information and belief, Plaintiff allegedly suffered a right knee dislocation with a torn tendon in the subject incident.  Plaintiff asserts this injury required surgical correction.  Plaintiff also claims he injured his neck and back in the accident requiring medical treatment.

16.     Given that the Plaintiff alleges a significant injury to a lower extremity and a claim that surgery was required to repair the same – Plaintiff's claims for compensatory damages comprise an "amount in controversy" in excess of $75,000, exclusive of interest and costs.

17.     Therefore, under Section 1332 of Title 28, United States Code, this Court has subject matter jurisdiction over this civil action.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-9471-7641.1                                      3

1   Dated this 4th day of September, 2020.

2                                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

3

4

5      By:        /s/ *Shawn M. Petri*
                  Todd A. Rigby
6                  Shawn M. Petri
                  Attorneys for Defendant Mrs Gooch's
7                  *Natural Food Markets, Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing and deposited the same in the U.S. Mail to the following CM/ECF registrants:

J. Blake Mayes
MAYES TELLES PLLC
3636 North Central Avenue
Suite 1000
Phoenix, AZ 85012-1927
*Attorneys for Plaintiff*


 /s/ *Laura M. Nagelkirk*